# COMPOSITE EXHIBIT A

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,                                              CASE NO.:

      Plaintiff,

vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and JOHN DOE, store manager,

      Defendants.

_____/

## SUMMONS

TO:    **WHOLE FOODS MARKET GROUP, INC., d/b/a WHOLE FOODS STORE #10549**
       **c/o C T CORPORATION SYSTEM, as a registered agent for WHOLE FOODS MARKET GROUP, INC., d/b/a WHOLE FOODS STORE #10549**
       **1200 SOUTH PINE ISLAND RD.**
       **PLANTATION, FL 33324**

### IMPORTANT

    **A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the** parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you chose to file a written response, yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Drive, Suite 200
Plantation, Florida 33324
Phone: (954) 577-2878
Fax: (954) 577-2215

FULL ACCESS – NOT AN OFFICIAL COPY
NOT AN OFFICIAL COPY

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:  You are commended to serve this Summons and a copy of the Complaint, Notice of Propounding Interrogatories and Request for Production in this lawsuit on the above named Defendant.

DATED ON: _____APR 20 2022_____, 2022.

CLERK OF THE CIRCUIT COURT

BY:_____
DEPUTY CLERK

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notification, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder elcaso y podria ser despojado de sus ingressos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado puede llamar a una a de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su ceuenta, al mismo tiempo enque presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judicares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrote a; aomte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuddisant pur vous proteger.  Vour etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous ne deposez pas votre reponse ecrite dans le relair requis, vous risquez de perde la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memetemps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat nomme ci-dessou).

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,                                          CASE NO.:

      Plaintiff,

vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and JOHN DOE, store manager,

      Defendants.

_____/

## NOTICE OF COMPLIANCE/DESIGNATION OF E-MAIL ADDRESS

      SABAN and SOLOMON, attorneys for Plaintiff hereby gives notice of Compliance with

Rule 2.516(b)(1) and Designation of E-Mail Address and designates the following e-mail

addresses for the purposes of receiving pleadings:

      Primary:     solomon@sslegalfirm.com
                    candace@sslegalfirm.com
                    bedoya@sslegalfirm.com
      Secondary:  quinn@sslegalfirm.com
                    hyarmolik@sslegalfirm.com

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished with a

copy of the Complaint filed herein.

                    LAW OFFICE OF SABAN & SOLOMON
                    150 N. University Dr., Suite 200
                    Plantation, Florida 33324
                    P: (954) 577-2878
                    F: (954) 577-2215

                    */s/ Robert Solomon*
                    ROBERT C. SOLOMON, ESQ.
                    Fla. Bar No. 27054

NOT AN OFFICIAL COPY

Case 0:23-cv-60665-XXXX Document 1-2 Entered on FLSD Docket 04/07/2023 Page 5 of 72

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,                                          CASE NO.:

      Plaintiff,

vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and JOHN DOE, store manager,

      Defendants.

_____/

## **COMPLAINT**

COMES NOW the Plaintiff, JANE DOE (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby sues Defendant, WHOLE FOODS MARKET GROUP, INC, d/b/a WHOLE FOODS STORE #10549 (hereinafter "WHOLE FOODS") and JOHN DOE, the store manager and in support thereof alleges as follows:

1.      That this is an action in excess of the Jurisdictional limits of this Court, to wit: Thirty Thousand Dollars ($30,000.00), exclusive of costs.

2.      That at all times material hereto, Plaintiff was a resident of Broward County, Florida and otherwise *sui juris*. Additionally, this Complaint is brought under a fictitious name in order to protect the identity of Plaintiff, Jane Doe, because this Complaint contains allegations of sexual assault and battery of Plaintiff.

3.      That at all times material hereto, Defendant, WHOLE FOODS, was and is a foreign profit corporation serving Broward County, Florida.

4.      That at all times material hereto, Defendant, JOHN DOE, was the resident of the

State of Florida.

5.      That at all times material hereto, Defendant, JOHN DOE, was acting in the capacity of the store manager, including on the date and time of the subject incident.

6.      That at all times material hereto, Defendant, WHOLE FOODS, owned, operated and/or managed the Whole Foods Store located at the following address: 1903 S University Dr, Davie, FL 33324 ("subject premises").

7.      Venue is proper in Broward County, Florida because the incident upon which this Complaint is based occurred in Broward County, Florida.

8.      That at all times material hereto Defendant, WHOLE FOODS, controlled the subject premises.

9.      That at all times material hereto, Defendant, WHOLE FOODS, had control of supervision/overseeing over its employees.

10.     On February 13, 2019, Plaintiff sustained severe injuries when she was sexually assaulted and touched without her consent by a male co-worker, while at the subject Whole Foods Store.

**COUNT I – NEGLIGENCE**
**JANE DOE v. WHOLE FOODS MARKET GROUP, INC.,**
**d/b/a WHOLE FOODS STORE #10549**

Plaintiff re-alleges paragraphs 1 through 10 and further alleges:

11.     That Defendant, WHOLE FOODS, owed a duty of care to Plaintiff to provide a safe workplace and safe work environment, and to maintain, operate, and control the subject premises in a reasonably safe manner for the benefit of its employees, including Plaintiff, and free from all conditions, including sexual assault(s) and batteries, which would render the subject premises dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to her.

12.     That Defendant, WHOLE FOODS, owed a duty of care to Plaintiff to supervise the subject premises in a reasonable way and/or manner to prevent the type of incidents of sexual assault/batteries as described in Plaintiff's Complaint, as well as report such incidents to proper authorities; to refrain from creating dangerous and hazardous situations such as that described in this Complaint and to warn of any dangerous situations/conditions on said property which Defendant knew of, or should have known of.

13.   That at all times material hereto, Defendant breached its duty owed to Plaintiff by one or more of the following ways:

a.   Failed to provide a safe workplace and safe work environment.

b.   Failed to make the dangerous and hazardous situation, such as the Plaintiff being sexually assaulted/battered at the subject property, safe.

c.   Failed to properly supervise and/or prevent such dangerous and hazardous situation(s) that Defendant knew, or in the alternative, should have known about.

d.   Failed to properly supervise its employees.

e.   Failed to properly investigate such incidents.

f.   Failed to report and/or notify the proper authorities about the Plaintiff's injuries or the subject incident.

g.   Ignored and/or failed to remedy a dangerous and hazardous situation they knew or should have known about.

h.   Failed to properly monitor, supervise and oversee operations of the subject premises.

i.   Failed to instruct and warn its employees of the danger of their actions.

j.   Failed to properly provide training to its employees.

    k.   Failed to adhere to or have proper policies and procedures in place preventing the types of situations as described in this Complaint

    l.   Failed to adhere to or have proper policies and procedures in place reporting the types of injuries sustained by the Plaintiff.

    m.  Defendant was otherwise negligent at the time and place complained of.

14.    As a direct and proximate result of the Defendant's negligence, as hereinabove alleged, Plaintiff suffered bodily injury resulting in pain and suffering including: disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; the hospitalization; medical and nursing care and treatment. These losses are either permanent or continuing in nature, and the Plaintiff will suffer such losses in the future.

WHEREFORE the Plaintiff demands a judgement against the Defendant, WHOLE FOODS, in an amount in excess of Thirty Thousand ($30,000.00), plus costs, and the Plaintiff further demands a trial by jury of all issues in the cause so triable as a matter of right.

## COUNT II – NEGLIGENCE
## JANE DOE v. JOHN DOE

Plaintiff re-alleges paragraphs 1 through 10 and further alleges:

15.    That Defendant, JOHN DOE, was the manager of the subject Whole Foods Store and was present and on duty at the store on the date and time of the subject incident.

16.    That at all times material hereto, as the manager of the subject Whole Foods Store, the Defendant, JOHN DOE, owed a duty of care to Plaintiff to provide a safe workplace and safe work environment, and to maintain, operate, and control the subject premises in a reasonably safe manner for the benefit of its employees, including Plaintiff, and free from all conditions, including sexual assault(s) and batteries, which would render the subject premises dangerous and unsafe for

the Plaintiff, and/or present an unreasonable risk of harm to her.

17.    That Defendant, JOHN DOE, owed a duty of care to Plaintiff to supervise the subject premises in a reasonable way and/or manner to prevent the type of incidents of sexual assault/batteries as described in Plaintiff's Complaint, as well as report such incidents to proper authorities; to refrain from creating dangerous and hazardous situations such as that described in this Complaint and to warn of any dangerous situations/conditions on said property which Defendant knew of, or should have known of.

18.  That at all times material hereto, Defendant breached its duty owed to Plaintiff by one or more of the following ways:

    n.   Failed to provide a safe workplace and safe work environment.

    o.   Failed to make the dangerous and hazardous situation, such as the Plaintiff being sexually assaulted/battered at the subject property, safe.

    p.   Failed to properly supervise and/or prevent such dangerous and hazardous situation(s) that Defendant knew, or in the alternative, should have known about.

    q.   Failed to properly supervise its employees.

    r.   Failed to properly investigate such incidents.

    s.   Failed to report and/or notify the proper authorities about the Plaintiff's injuries or the subject incident.

    t.   Ignored and/or failed to remedy a dangerous and hazardous situation they knew or should have known about.

    u.   Failed to properly monitor, supervise and oversee operations of the subject premises.

    v.   Failed to instruct and warn its employees of the danger of their actions.

w.  Failed to properly provide training to its employees.

x.  Failed to adhere to or have proper policies and procedures in place preventing the types of situations as described in this Complaint

y.  Failed to adhere to or have proper policies and procedures in place reporting the types of injuries sustained by the Plaintiff.

z.  Defendant was otherwise negligent at the time and place complained of.

19.   As a direct and proximate result of the Defendant's negligence, as hereinabove alleged, Plaintiff suffered injury resulting in pain and suffering including: disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; the hospitalization; medical and nursing care and treatment. These losses are either permanent or continuing in nature, and the Plaintiff will suffer such losses in the future.

WHEREFORE the Plaintiff demands a judgement against the Defendant, JOHN DOE, in an amount in excess of Thirty Thousand ($30,000.00), plus costs, and the Plaintiff further demands a trial by jury of all issues in the cause so triable as a matter of right.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
P: (954) 577-2878
F: (954) 577-2215

*/s/ Robert Solomon*
ROBERT C. SOLOMON, ESQ.
Fla. Bar No. 27054

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>JANE DOE</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>WHOLE FOODS MARKET GROUP, INC, JOHN DOE</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY · PUBLIC ACCESS – NOT AN OFFICIAL COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   2

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Robert C Solomon       Fla. Bar # 27054
         Attorney or party             (Bar # if attorney)

Robert C Solomon           04/15/2022
   (type or print name)           Date

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-005598

JANE DOE,

      Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE # 10549,
and JOHN DOE, store manager,

      Defendants.

_____/

## NOTICE OF APPEARANCE OF COUNSEL AND
## DESIGNATION OF E-MAIL ADDRESSES

The law firm of LITTLER MENDELSON, P.C., enters the appearance of PATRICK G. DEBLASIO, III, ESQ., as counsel for and on behalf of the Defendant, WHOLE FOODS MARKET GROUP, INC. d/b/a WHOLE FOODS STORE # 10549 ("Defendant" or "Whole Foods"), in the above-styled cause, and requests that all papers and pleadings, notices, correspondence, orders, and other papers be served upon the undersigned counsel. Further, pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary e-mail addresses for mail service in the above referenced case.

      Primary E-Mail:      pdeblasio@littler.com
      Secondary E-Mail:    btapia@littler.com
      Additional E-Mail:    #MiamiECFiling@littler.com

*[Signature to Follow]*

**Dated**: May 16, 2022.                    Respectfully submitted,

BY:     */s/ Patrick G. DeBlasio, III*
        Patrick G. DeBlasio, III, Esq.
        Florida Bar No. 871737
        E-mail: pdeblasio@littler.com
        Secondary:  btapia@littler.com
        Rebecca R. Anguiano, Esq.
        Florida Bar No. 99690
        E-mail: ranguiano@littler.com
        Secondary: grivas@littler.com
        LITTLER MENDELSON, P.C.
        Wells Fargo Center
        333 SE 2nd Avenue, Suite 2700
        Miami, FL 33131
        Telephone:  (305) 400-7500
        Facsimile:  (305) 603-2552

        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2022, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system.  I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

        Robert C. Solomon, Esq.
        Florida Bar No. 27054
        Law Office of Saban & Solomon
        150 N. University Dr., Suite 200
        Plantation, Florida 33324
        Telephone: (954) 577-2878
        Facsimile: (954) 577-2215
        Email: solomon@sslegalfirm.com
               candace@sslegalfirm.com
               bedoya@sslegalfirm.com
        Secondary: quinn@sslegalfirm.com
                   hyarmolik@sslegalfirm.com

BY:     */s/ Patrick G. DeBlasio, III*
        Patrick G. DeBlasio, III

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-005598

JANE DOE,

      Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE # 10549,
and JOHN DOE, store manager,

      Defendants.

_____/

### <u>NOTICE OF APPEARANCE OF COUNSEL AND DESIGNATION OF E-MAIL ADDRESSES</u>

      The law firm of LITTLER MENDELSON, P.C., enters the appearance of REBECCA R. ANGUIANO, ESQ., as counsel for and on behalf of the Defendant, WHOLE FOODS MARKET GROUP, INC. d/b/a WHOLE FOODS STORE # 10549 ("Defendant" or "Whole Foods"), in the above-styled cause, and requests that all papers and pleadings, notices, correspondence, orders, and other papers be served upon the undersigned counsel. Further, pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary e-mail addresses for mail service in the above referenced case.

      Primary E-Mail:     ranguiano@littler.com
      Secondary E-Mail:  grivas@littler.com
      Additional E-Mail:  #MiamiECFiling@littler.com

*[Signature to Follow]*

**Dated**: May 16, 2022.                    Respectfully submitted,

BY:     /s/ Rebecca R. Anguiano
        Patrick G. DeBlasio, III, Esq.
        Florida Bar No. 871737
        E-mail: pdeblasio@littler.com
        Secondary:  btapia@littler.com
        Rebecca R. Anguiano, Esq.
        Florida Bar No. 99690
        E-mail: ranguiano@littler.com
        Secondary: grivas@littler.com
        LITTLER MENDELSON, P.C.
        Wells Fargo Center
        333 SE 2nd Avenue, Suite 2700
        Miami, FL 33131
        Telephone:  (305) 400-7500
        Facsimile:  (305) 603-2552

        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2022, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system.  I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

            Robert C. Solomon, Esq.
            Florida Bar No. 27054
            Law Office of Saban & Solomon
            150 N. University Dr., Suite 200
            Plantation, Florida 33324
            Telephone: (954) 577-2878
            Facsimile: (954) 577-2215
            Email: solomon@sslegalfirm.com
                   candace@sslegalfirm.com
                   bedoya@sslegalfirm.com
            Secondary: quinn@sslegalfirm.com
                   hyarmolik@sslegalfirm.com

            BY:     /s/ Rebecca R. Anguiano
                    Rebecca R. Anguiano

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-005598

JANE DOE,

      Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE # 10549,
and JOHN DOE, store manager,

      Defendants.
_____/

### DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, WHOLE FOODS MARKET GROUP, INC. d/b/a WHOLE FOODS STORE # 10549 ("Defendant" or "Whole Foods"), hereby moves this Court for an extension of time through June 3, 2022 within which to file its response to the Complaint filed by Plaintiff, JANE DOE ("Plaintiff"), and states as follows:

1.      On or about April 15, 2022, Plaintiff filed a Complaint against Defendant Whole Foods.

2.      Absent an extension of time, Whole Foods' response to the Complaint is currently due Monday, May 16, 2022.

3.      Undersigned counsel was recently retained and is in need of additional time to complete its factual investigation of the matters raised in the Complaint in order to prepare an adequate response.

4.      Accordingly, Defendant respectfully requests an eighteen (18) day extension of time, up through and including June 3, 2022, to respond to the Complaint.

5.      This request is made in good faith and not for the purposes of delay.

6.      No party will be prejudiced from this request.

7.      Undersigned counsel made reasonable efforts to confer with Plaintiff's counsel regarding the relief sought in this motion (via email on May 12, 2022 and May 16, 2022; and via telephone on May 16, 2022) but has not been able to do so.

WHEREFORE, Defendant, WHOLE FOODS MARKET GROUP, INC. d/b/a WHOLE FOODS STORE # 10549, respectfully requests that this Court grant the instant Motion, providing Defendant with an extension of time, up through and including June 3, 2022, to respond to Plaintiff's Complaint, along with any other relief this Court deems just and proper.

**Dated**: May 16, 2022.                       Respectfully submitted,

BY:      */s/ Rebecca Anguiano*
          Patrick G. DeBlasio, III, Esq.
          Florida Bar No. 871737
          E-mail: pdeblasio@littler.com
          Secondary:  btapia@littler.com
          Rebecca R. Anguiano, Esq.
          Florida Bar No. 99690
          E-mail: ranguiano@littler.com
          Secondary: grivas@littler.com
          LITTLER MENDELSON, P.C.
          Wells Fargo Center
          333 SE 2nd Avenue, Suite 2700
          Miami, FL 33131
          Telephone:  (305) 400-7500
          Facsimile:   (305) 603-2552

          ***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2022, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system.  I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

Robert C. Solomon, Esq.
Florida Bar No. 27054
Law Office of Saban & Solomon
150 N. University Dr., Suite 200
Plantation, Florida 33324
Telephone: (954) 577-2878
Facsimile: (954) 577-2215
Email: solomon@sslegalfirm.com
      candace@sslegalfirm.com
      bedoya@sslegalfirm.com
Secondary: quinn@sslegalfirm.com
      hyarmolik@sslegalfirm.com

BY:   */s/ Rebecca Anguiano*
      Rebecca Anguiano

4862-7068-7007.2 / 099817-1000

3

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-005598

JANE DOE,

      Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE # 10549,
and JOHN DOE, store manager,

      Defendants.

_____/

### DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, WHOLE FOODS MARKET GROUP, INC., ("Whole Foods" or "Defendant"),

by and through undersigned counsel, hereby files and serves its Answer and Statement of Defenses

to Plaintiff's Complaint, as follows:

1.     Defendant admits Plaintiff purports to bring an action in excess of Thirty Thousand

Dollars.  Defendant denies Plaintiff is entitled to any of the relief requested.

2.     Defendant is without sufficient knowledge to enable it to admit or deny the

allegations set forth in paragraph 2 of the Complaint pertaining to Plaintiff's residency. As such,

those allegations are denied.  Defendant denies the remaining allegations contained in Paragraph

2 of the Complaint and further asserts that Plaintiff has not sought leave of Court to proceed under

a pseudonym and is otherwise not permitted to proceed under pseudonym.

3.     Defendant admits that it is a foreign corporation and that it conducts business in

Broward County, Florida, but denies the remaining allegations contained in paragraph 3 of the Complaint.

4.      Defendant is without sufficient knowledge to enable it to admit or deny the allegations set forth in paragraph 4 of the Complaint. As such, those allegations are denied.

5.      Defendant is without sufficient knowledge to enable it to admit or deny the allegations set forth in paragraph 5 of the Complaint. As such, those allegations are denied.

6.      The allegations contained in paragraph 6 of the Complaint are admitted.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint except that it admits that venue would be proper in Broward County, Florida.

8.      The allegations contained in paragraph 8 of the Complaint are denied.

9.      The allegations contained in paragraph 9 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

10.      The allegations contained in paragraph 10 of the Complaint are denied.

## COUNT I – NEGLIGENCE
## JANE DOE v. WHOLE FOODS MARKET GROUP, INC.

Defendant re-asserts its responses to paragraphs 1 through 10 above as if fully set forth herein.

11.      The allegations contained in paragraph 11 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

12.      The allegations contained in paragraph 12 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

13.      The allegations contained in paragraph 13 of the Complaint, including subparts a-m, are denied.

14.      The allegations contained in paragraph 14 of the Complaint are denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered WHEREFORE clause immediately following Paragraph 14 of the Complaint.

**COUNT II – NEGLIGENCE**
**JANE DOE v. JOHN DOE**

Defendant re-asserts its responses to paragraphs 1 through 10 above as if fully set forth therein.

15.     These allegations are not directed to Defendant Whole Foods and therefore do not require a response from Whole Foods.  In so far as a response is required, the allegations are denied.

16.     These allegations are not directed to Defendant Whole Foods and therefore do not require a response from Whole Foods.  In so far as a response is required, the allegations are denied.

17.     These allegations are not directed to Defendant Whole Foods and therefore do not require a response from Whole Foods.  In so far as a response is required, the allegations are denied.

18.     These allegations (including subparts n-z) are not directed to Defendant Whole Foods and therefore do not require a response from Whole Foods.  In so far as a response is required, the allegations are denied.

19.     These allegations are not directed to Defendant Whole Foods and therefore do not require a response from Whole Foods.  In so far as a response is required, the allegations are denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered WHEREFORE clause immediately following Paragraph 19 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff is demanding a trial by jury.  Defendant denies that Plaintiff has presented a triable issue.

## GENERAL DENIAL

Defendant denies all factual allegations not specifically admitted in this Answer.

## STATEMENT OF DEFENSES

1.      Plaintiff's claims fail, in whole or in part, to the extent Plaintiff fails to state claims upon which relief may be granted.

2.      Plaintiff's claim for negligence must be premised on a tort recognized at common law.

3.      To the extent that any of the individuals alleged to have engaged in any of the conduct described in the Complaint, or otherwise acted in a manner that violated Plaintiff's rights and/or caused her harm, which Defendant denies, such actions were outside the scope of their employment, were contrary to the policies and directives of the company and were not done in furtherance of the company's business interests.

4.      Defendant is entitled to a set off for any sums paid by any other alleged tortfeasor as payment or settlement of claims arising from the alleged event, which is the subject of this Complaint.

5.      Defendant asserts that there is no breach of duty that was the proximate cause of Plaintiff's harm.

6.      Plaintiff's claims are barred because Defendant was not the cause or proximate cause of any alleged damages to Plaintiff.  Plaintiff has not suffered any harm or damages due to or caused by the actions or inactions of Defendant, and therefore Plaintiff is not entitled to any

recovery from Defendant.  Any harm or damages suffered by Plaintiff was not proximately or actually caused by Defendant.

7.      The damages and injuries allegedly sustained by Plaintiff, if any, were not caused by any act or omission of Defendant. Defendant did not have any duty to protect Plaintiff from an event that is not reasonably foreseeable.

8.      Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior, and/or the Plaintiff unreasonably failed to take advantage of the Defendant's preventative or corrective opportunities to otherwise avoid harm.

9.      Some or all of Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

10.     Plaintiff is barred from recovery in whole or in part on the grounds of comparative negligence.

11.     Plaintiff is barred from recovering any damages for losses sustained that have been paid or are payable by any collateral sources of indemnity available to Plaintiff.

12.     Plaintiff is barred from recovering any damages to the extent any of the alleged misconduct was consented to by Plaintiff.

13.     Plaintiff's injuries, if any, were the direct and proximate result of a superseding intervening cause for which there can be no recovery against Defendant.

14.     Defendant asserts that it is not responsible for the intentional and/or criminal acts of others, which may serve as an intervening, superseding cause in this matter.

15.     The injuries or damages claimed by the Plaintiff in the Complaint were pre-existing at the time of the subject incident and as a result, they are neither the fault nor responsibility of the Defendant.

16.     Any damages sustained by Plaintiff were caused solely by or contributed to by the acts, omissions, and fault of a third party.  Pursuant to Section 768.81, Florida Statutes, Defendant is entitled to have any damages in this action reduced or apportioned among all responsible entities who contributed, even though not all of them have been joined as defendants.  Defendant reserves the right to a jury instruction and verdict form that permits the jury to proportion liability amongst all alleged tortfeasors.

17.     Plaintiff's claims are barred by the exclusivity provision of the Florida Workers' Compensation Law.

18.     Defendant reserves its rights to amend or add any additional defenses or counterclaims that may become known during the course of discovery.

WHEREFORE, Defendant, WHOLE FOODS MARKET GROUP, INC., respectfully requests that judgment be entered in its favor and against Plaintiff, and that this Court dismiss Plaintiff's Complaint and award Defendant attorneys' fees and costs for defending this matter, along with all other relief deemed just and proper.

*[Signature to Follow]*

**Dated**: June 3, 2022.                    Respectfully submitted,

BY:     */s/ Rebecca Anguiano*
        Patrick G. DeBlasio, III, Esq.
        Florida Bar No. 871737
        E-mail: pdeblasio@littler.com
        Secondary:  btapia@littler.com
        Rebecca R. Anguiano, Esq.
        Florida Bar No. 99690
        E-mail: ranguiano@littler.com
        Secondary: grivas@littler.com
        LITTLER MENDELSON, P.C.
        Wells Fargo Center
        333 SE 2nd Avenue, Suite 2700
        Miami, FL 33131
        Telephone:  (305) 400-7500
        Facsimile:  (305) 603-2552

        *Counsel for Defendant*
        *Whole Foods Market Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this 3rd day of June, 2022, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system.  I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

> Robert C. Solomon, Esq.
> Florida Bar No. 27054
> Law Office of Saban & Solomon
> 150 N. University Dr., Suite 200
> Plantation, Florida 33324
> Telephone: (954) 577-2878
> Facsimile: (954) 577-2215
> Email: solomon@sslegalfirm.com
>    candace@sslegalfirm.com
>    bedoya@sslegalfirm.com
> Secondary: quinn@sslegalfirm.com
>     hyarmolik@sslegalfirm.com

> BY: */s/ Rebecca Anguiano*
>    Rebecca Anguiano

4881-5432-1955.2 / 099817-1000

8

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

JANE DOE,

      Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE # 10549, and
JOHN DOE, store manager,

      Defendant.

CASE NO.

CACE-22-005598

## DEFENDANT'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, WHOLE FOODS MARKET GROUP, INC., ("Defendant"), pursuant to Fla.

R. Civ. P. 1.340, gives notice of service of Defendant WHOLE FOODS MARKET GROUP,

INC.'s First Set of Interrogatories to Plaintiff, JANE DOE, on October 14, 2022.

**Dated**: October 17, 2022.

Respectfully submitted,

BY:    */s/ Rebecca R. Anguiano*
      Patrick G. DeBlasio, III, Esq.
      Florida Bar No. 871737
      E-mail: pdeblasio@littler.com
      Secondary: btapia@littler.com
      Rebecca R. Anguiano, Esq.
      Florida Bar No. 99690
      E-mail: ranguiano@littler.com
      Secondary: grivas@littler.com
      LITTLER MENDELSON, P.C.
      Wells Fargo Center
      333 SE 2nd Avenue, Suite 2700
      Miami, FL 33131
      Telephone:  (305) 400-7500
      Facsimile:  (305) 603-2552

      *Counsel for Defendant*
      *Whole Foods Market Group, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of October 2022, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system. I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal:

Robert C. Solomon, Esq.
Florida Bar No. 27054
**LAW OFFICE OF SABAN & SOLOMON**
150 N. University Dr., Suite 200
Plantation, Florida 33324
Telephone: (954) 577-2878
Facsimile: (954) 577-2215
Email: solomon@sslegalfirm.com
        candace@sslegalfirm.com
        bedoya@sslegalfirm.com
Secondary:    quinn@sslegalfirm.com
              hyarmolik@sslegalfirm.com

*Attorney for Plaintiff*

/s/ *Rebecca R. Anguiano*
Rebecca R. Anguiano

4889-0156-1387.1 / 099817-1148

Case 0:23-cv-60665-XXXX Document 1-2 Entered on FLSD Docket 04/07/2023 Page 31 of 72

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,

CASE NO.:    CACE-22-005598

      Plaintiff,

vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and JOHN DOE, store manager,

      Defendants.

_____/

## NOTICE OF FILING ANSWERS TO DEFENDANT'S REQUEST TO PRODUCE

Plaintiff, JANE DOE, by and through undersigned counsel, and in accordance with the applicable Florida Rules of Civil Procedure, hereby gives Notice of Filing her answers to Defendant's Request to Produce propounded by Defendant, WHOLE FOODS MARKET GROUP, INC, on October 17, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Defendant via email to Patrick G. DeBlasio, III, Esq., Rebecca R. Anguiano, Esq, LITTLER MENDELSON, P.C., Wells Fargo Center, 333 SE 2nd Avenue, Suite 2700, Miami, FL 33131 this 8th day of November, 2022.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Drive, Suite 200
Plantation, Florida 33324
(954) 577-2878 Broward
(954) 577-2215 Facsimile

*s/ Robert Solomon*

_____
ROBERT C. SOLOMON, ESQ.
FBN: 27054

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,                                          CASE NO.:     CACE-22-005598

        Plaintiff,

  vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and JOHN DOE, store manager,

        Defendants.
_____/

### NOTICE OF FILING ANSWERS TO DEFENDANT'S INTERROGATORIES

     Plaintiff, JANE DOE, by and through undersigned counsel, and in accordance with the applicable Florida Rules of Civil Procedure, hereby gives Notice of Filing her answers to Defendant's Interrogatories propounded by Defendant, WHOLE FOODS MARKET GROUP, INC, on October 17, 2022.

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Defendant via email to Patrick G. DeBlasio, III, Esq., Rebecca R. Anguiano, Esq, LITTLER MENDELSON, P.C., Wells Fargo Center, 333 SE 2nd Avenue, Suite 2700, Miami, FL 33131 this 8th day of November, 2022.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Drive, Suite 200
Plantation, Florida 33324
(954) 577-2878 Broward
(954) 577-2215 Facsimile

*s/ Robert Solomon*

_____
ROBERT C. SOLOMON, ESQ.
FBN: 27054

NOT AN OFFICIAL COPY    PUBLIC ACCESS – NOT AN OFFICIAL COPY

Case 0:23-cv-60665-XXXX   Document 1-2   Entered on FLSD Docket 04/07/2023   Page 33 of 72

THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

**Jane Doe**

Plaintiff,

v.

**Whole Foods Market Group Inc, et al**

Defendants,

_____/

CASE NO.:  **CACE22005598**

JUDGE:  **Robinson, Michael A. (13)**

DIVISION:  **13**

### ORDER SETTING CASE MANAGEMENT CONFERENCE TO SET TRIAL DATE

THIS MATTER is before the Court sua sponte. A review of the docket in the above-referenced case reveals no calendar call or trial date is currently set.

Therefore, pursuant to Rules 1.200(a)(2) and 1.440 of the Florida Rules of Civil Procedure, the Court hereby sets the above-referenced case for a case management conference for purpose of setting the case for calendar call and trial. If prior to the case management conference date the parties set the matter for calendar call and trial, the Court will cancel the case management conference.

Accordingly, after due consideration, it is

**ORDERED and ADJUDGED** that the above-referenced case is hereby set for a case management conference for **01-20-2023 8:30 AM**  in courtroom **14150 or Zoom: https://17thflcourts.zoom.us/j/571442299** .

**DONE and ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on **11-18-2022** .

**CACE22005598 11-18-2022 9:31 AM**

_____
CIRCUIT COURT JUDGE

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

Copies Furnished:
**Hanna Yarmolik, Email : hyarmolik@sslegalfirm.com**
**Jaimie L Quinn, Email : jsuarez@sslegalfirm.com**
**Jaimie L Quinn, Email : quinn@sslegalfirm.com**
**Patrick Gerald Deblasio III, Email : #MiamiECFiling@littler.com**
**Patrick Gerald Deblasio III, Email : pdeblasio@littler.com**
**Patrick Gerald Deblasio III, Email : btapia@littler.com**
**Rebecca R. Anguiano, Email : ranguiano@littler.com**
**Rebecca R. Anguiano, Email : ccano@littler.com**
**Richard Conforti, Email : conforti@sslegalfirm.com**
**Robert C Solomon, Email : service@sslegalfirm.com**
**Robert C Solomon, Email : solomon@sslegalfirm.com**
**Robert C Solomon, Email : candace@sslegalfirm.com**

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

JANE DOE,

    *Plaintiff,*

                    CASE NO.  CACE-22-005598

v.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549, and
JOHN DOE, store manager,

    *Defendant.*

_____

## DEFENDANT'S NOTICE OF PRODUCTION FROM NON-PARTY

    **YOU ARE NOTIFIED** that after ten (10) days from the date of service of this Notice served by email, hand delivery or fax, and if no objection is received from any party, the undersigned counsel for Defendant WHOLE FOODS MARKET GROUP, INC., will issue or apply to the Clerk of the Court for issuance of each and every Subpoena Duces Tecum Without Deposition directed to the Records Custodians to produce the items listed at the time and place specified in the subpoenas for the following non-parties:

1.  BIRD OF PARADISE PSYCHOLOGICAL SERVICES, P.A.
    Attn: Medical Records Custodian
    4300 N University Dr., Suite #C203
    Lauderhill, FL 33351

2.  PLANTATION GYNECOLOGIC ASSOCIATES, LLC
    Attn: Medical Records Custodian
    201 NW 82nd Ave., Suite 104
    Plantation, FL 33324

3. WEST SUNRISE DENTISTRY, PA
   Attn: Medical Records Custodian
   9310 W Commercial Blvd.
   Sunrise, FL 33351

4. H. JAMES MILLER, DDS, PA
   Attn: Medical Records Custodian
   420 NW 74th Ave
   Plantation, FL 3331

5. SUNRISE PRESCHOOL II LLC
   d/b/a Sunrise Academy
   Registered Agent:
   Chris Weiss
   3940 NE Sugarhill Ave
   Jensen Beach, FL 34957

6. CAROL L GROSS, LCSW
   Joel I Kimmel PH.D., P.A.
   5551 N University Dr. #202
   CORAL SPRINGS, FL 33067

Dated: December 8, 2022.                    Respectfully submitted,


                                            */s/ Rebecca Anguiano*
                                            _____
                                            Rebecca Anguiano, Florida Bar No. 99690
                                            Email: *ranguiano@littler.com*
                                            Patrick G. DeBlasio, Florida Bar No. 871737
                                            Email: *pdeblasio@littler.com*


                                            **LITTLER MENDELSON, P.C.**
                                            Wells Fargo Center
                                            333 SE 2nd Avenue
                                            Suite 2700
                                            Miami, FL  33131
                                            Telephone:   305.400.7500
                                            Facsimile:    305.603.2552

                                            *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 8th day of December 2022, filed a true and correct copy of the foregoing documents with the Clerk of the Court via the My Florida E-Filing Portal System and a true and correct copy of the foregoing document was served on all counsel of record or pro se identified on the Service List via the My Florida E-Filing Portal System.

BY:   */s/ Rebecca Anguiano*
      Rebecca Anguiano, Esq.

## <u>SERVICE LIST</u>

*ATTORNEYS FOR PLAINTIFF*

Robert C. Solomon, Esq.
Florida Bar No. 27054
Email: *solomon@sslegalfirm.com*
Email: *candace@sslegalfirm.com*
Email: *bedoya@sslegalfirm.com*
Secondary: *quinn@sslegalfirm.com*
Email: *hyarmolik@sslegalfirm.com*
**LAW OFFICE OF SABAN
& SOLOMON**
150 N. University Dr., Suite 200
Plantation, FL 33324
Telephone: (954) 577-2878
Facsimile: (954) 577-2215

*ATTORNEYS FOR DEFENDANT*

Patrick G. DeBlasio, Esq.
Florida Bar No.: 871737
E-mail: *pdeblasio@littler.com*
Rebecca R. Anguiano, Esq.
Florida Bar No. 99690
E-mail: *ranguiano@littler.com*
**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

4881-0730-8607.2 / 099817-1148

Filing # 163413848 E-Filed 12/20/2022 03:47:33 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

JANE DOE,

     *Plaintiff,*

v.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549, and
JOHN DOE, store manager,

     *Defendant.*

CASE NO.  CACE-22-005598

## **DEFENDANT'S NOTICE OF NON-OBJECTION**

PURSUANT TO AND IN ACCORDANCE with the Florida Rule of Civil Procedure 1.351(c), Defendant hereby files this Notice of Non-Objection certifying that no objections were received form any party in connection with the Notice of Intent to Serve Subpoenas Duces Tecum Without Deposition that was filed on December 8, 2022.

*[Signature to Follow]*

Dated:   December 20, 2022.                    Respectfully submitted,


/s/ *Rebecca R. Anguiano*
Rebecca R.  Anguiano, Bar No. 99690
Email:  *ranguiano@littler.com*
Patrick G. DeBlasio, Bar No. 871737
Email:  *pdeblasio@littler.com*

**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Telephone:  305.400.7500
Facsimile:  305.603.2552

*Counsel for Defendant*
*WHOLE FOODS MARKET GROUP, INC.*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of December 2022, filed a true and correct

copy of the foregoing document with the Clerk of the Court via the My Florida E-Filing Portal

System and a true and correct copy of the foregoing document was served on all counsel of record

or pro se identified on the Service List via the My Florida E-Filing Portal System.


/s/ *Rebecca R. Anguiano*
Rebecca R. Anguiano, Esq.

## SERVICE LIST

| *ATTORNEYS FOR PLAINTIFF* | *ATTORNEYS FOR DEFENDANT* |
|---|---|

Robert C. Solomon, Esq.
Florida Bar No.: 27054
Email: *solomon@sslegalfirm.com*
Email: *candace@sslegalfirm.com*
Email: *bedoya@sslegalfirm.com*
Secondary: *quinn@sslegalfirm.com*
Email: *hyarmolik@sslegalfirm.com*
**LAW OFFICE OF SABAN & SOLOMON**
150 N. University Dr., Suite 200
Plantation, FL 33324
Telephone: 954.577.2878
Facsimile: 954.577.2215

Patrick G. DeBlasio, III, Esq.
Florida Bar No.: 871737
E-mail: *pdeblasio@littler.com*
Rebecca R. Anguiano, Esq.
Florida Bar No. 99690
E-mail: *ranguiano@littler.com*
**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: 305.400.7500
Facsimile: 305.603.2552

4876-3931-9621.2 / 099817-1148

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-005598

JANE DOE,

     *Plaintiff*,

v.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE # 10549,
and JOHN DOE, store manager,

     *Defendants*.

_____/

## DEFENDANT'S MOTION TO DISMISS
## AND/OR DROP NAMED PARTY DUE TO PLAINTIFF'S FAILURE TO SERVE
## INITIAL PROCESS AND INITIAL PLEADING

     Defendant, JOHN DOE ("John Doe"), store manager, by and through undersigned

counsel and pursuant to Rule 1.070(j) of the Florida Rules of Civil Procedure, hereby files this

Motion to Dismiss the Action against Defendant, John Doe and/or to drop John Doe as a party

due to Plaintiff's failure to serve Defendant, John Doe with initial process and the Complaint,

and states as follows:

**I.**    **Background and Procedural History.**

     1.    On April 15, 2022, Plaintiff filed a two-count Complaint against Defendants

Whole Foods and John Doe.  In her Complaint, Plaintiff alleges negligence against Whole

Foods (Count I) and negligence against John Doe (Count II) for an incident alleged to have

occurred in February 2019. *See* Complaint attached hereto as **Exhibit A**.

2.      In the Complaint, Plaintiff describes John Doe as the "store manager." *See* ¶¶ 5; 15; 16 of Ex. A.

3.      On April 22, 2022, Plaintiff served Whole Foods with the Complaint.  Plaintiff did not serve Defendant John Doe, however.

4.      To date, Plaintiff still has not served John Doe, nor has any summons been issued for Defendant John Doe.

5.      Accordingly, for the reasons set forth below, Defendant John Doe moves to dismiss this action and drop John Doe as a party due to Plaintiff's failure to serve initial process and pleading.

## II.      **ARGUMENT**

### A.      **The Claim Against Defendant John Doe Should be Dismissed and John Doe Should be Dropped as a Party Due to Plaintiff's Failure to Serve Process and the Complaint.**

The Florida Rules of Civil Procedure provide a specific timeframe within which a party must be served with a lawsuit and if a party is not served within that timeframe the Court, on its own initiative or on motion, may dismiss the action and/or drop the party that was not served.  FLA. R. CIV. P. 1.070(j).  Specifically, Rule 1.070(j) of the Florida Rules of Civil Procedure states, in pertinent part, as follows:

> If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant, the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period…

*Id.*

Plaintiff had *120 days* after filing her Complaint (through August 15, 2022) to serve Defendant John Doe.  Plaintiff failed to do so, however, and the claims against John Doe should be dismissed and/or John Doe should be dropped as a party. *See Pixton v. Williams Scotsman, Inc.*, 924 So. 2d 37, 39 (Fla. 5th DCA 2006) (absent a showing of good cause or excusable neglect, court may dismiss a complaint for insufficiency of process). Here, Plaintiff cannot claim there is either good cause or excusable neglect for the delay in serving the store manager, John Doe, as there is no evidence whatsoever that Plaintiff has even attempted to serve the individual.  Indeed, a review of the court docket reflects that Plaintiff has made no effort to even have the Clerk issue a summons directed to John Doe.  Moreover, Plaintiff described John Doe in the Complaint as the store manager, indicating Plaintiff has knowledge of John Doe's identity.  The failure to even attempt to serve Defendant John Doe indicates Plaintiff had no intention of actually serving this party, but only included them in the lawsuit for other reasons---likely to avoid party diversity.

Plaintiff has had a significant amount of time (over 8 months) to effectuate service of process on Defendant John Doe.  Because she has failed to do so, pursuant to Florida Rule of Civil Procedure 1.070(j), dismissal of the claims against John Doe and/or dropping John Doe as a party is appropriate and no useful purpose will be served by excusing Plaintiff's failure to timely serve the Summons and Complaint on the store manager, John Doe.  Furthermore, the delay has prejudiced John Doe as discovery has been ongoing in this case since October 2022. To require John Doe to defend himself against Plaintiff's claims when he has been conspicuously absent from the proceedings for several months only reinforces the conclusion

3

that dismissal of the Complaint as to John Doe (or alternatively, dropping him as a party) is required and is a proper exercise of this Court's discretion.  *See Powell v. Madison County Sheriff's Dept.*, 100 So. 3d 753, 754–55 (Fla. 1st DCA 2012) (affirming dismissal of complaint in context of protracted delay without service and lawsuit based on alleged incident years earlier, even though statute of limitations would bar subsequent filing).

## III.   <u>CONCLUSION</u>

For the reasons set forth above, Defendant John Doe should be dismissed from this action or dropped as a party due to Plaintiff's failure to serve the individual defendant within the requisite timeframe set out by the Rules.

WHEREFORE, Defendant, JOHN DOE, store manager, respectfully requests this Court enter an Order dismissing all claims against John Doe and/or dropping John Doe as a named party in this Action, and for such other and further relief as the Court deems just and proper.

*[Signature to Follow]*

Dated: January 6, 2023.                                  Respectfully submitted,

                                                         /s/ *Rebecca Anguiano*
                                                         _____
                                                         Rebecca Anguiano, Bar No. 99690
                                                         Email: *ranguiano@littler.com*
                                                         Patrick G. DeBlasio, Bar No. 871737
                                                         Email: *pdeblasio@littler.com*
                                                         **LITTLER MENDELSON, P.C.**
                                                         Wells Fargo Center
                                                         333 SE 2nd Avenue, Suite 2700
                                                         Miami, FL 33131
                                                         Telephone:   305.400.7500
                                                         Facsimile:   305.675.8497

                                                         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 6, 2023, I filed a true and correct copy of the

foregoing document with the Clerk of the Court via the Florida Courts E-Filing Portal and a

true and correct copy of the foregoing document was served on all counsel of record or pro se

identified on the Service List via the Florida Courts E-Filing Portal.

Robert C. Solomon, Esq.
Florida Bar No. 27054
Email: *solomon@sslegalfirm.com*
Email: *candace@sslegalfirm.com*
Email: *bedoya@sslegalfirm.com*
**LAW OFFICE OF SABAN & SOLOMON**
150 N. University Dr., Suite 200
Plantation, Florida 33324
Telephone: (954) 577-2878
Facsimile: (954) 577-2215

*Attorneys for Plaintiff*

                                                         /s/ *Rebecca R. Anguiano*
                                                         _____
                                                         Rebecca R. Anguiano, Esq.

5

# EXHIBIT A

Filing # 147791647 E-Filed 04/15/2022 04:25:28 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,

        Plaintiff,

  vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and JOHN DOE, store manager,

        Defendants.

_____/

CASE NO.: *CACE-22-005598*

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

**COMPLAINT**

COMES NOW the Plaintiff, JANE DOE (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby sues Defendant, WHOLE FOODS MARKET GROUP, INC, d/b/a WHOLE FOODS STORE #10549 (hereinafter "WHOLE FOODS") and JOHN DOE, the store manager and in support thereof alleges as follows:

    1.      That this is an action in excess of the Jurisdictional limits of this Court, to wit: Thirty Thousand Dollars ($30,000.00), exclusive of costs.

    2.      That at all times material hereto, Plaintiff was a resident of Broward County, Florida and otherwise *sui juris*. Additionally, this Complaint is brought under a fictitious name in order to protect the identity of Plaintiff, Jane Doe, because this Complaint contains allegations of sexual assault and battery of Plaintiff.

    3.      That at all times material hereto, Defendant, WHOLE FOODS, was and is a foreign profit corporation serving Broward County, Florida.

    4.      That at all times material hereto, Defendant, JOHN DOE, was the resident of the

State of Florida.

    5.     That at all times material hereto, Defendant, JOHN DOE, was acting in the capacity of the store manager, including on the date and time of the subject incident.

    6.     That at all times material hereto, Defendant, WHOLE FOODS, owned, operated and/or managed the Whole Foods Store located at the following address: 1903 S University Dr, Davie, FL 33324 ("subject premises").

    7.     Venue is proper in Broward County, Florida because the incident upon which this Complaint is based occurred in Broward County, Florida.

    8.     That at all times material hereto Defendant, WHOLE FOODS, controlled the subject premises.

    9.     That at all times material hereto, Defendant, WHOLE FOODS, had control of supervision/overseeing over its employees.

    10.    On February 13, 2019, Plaintiff sustained severe injuries when she was sexually assaulted and touched without her consent by a male co-worker, while at the subject Whole Foods Store.

### COUNT I – NEGLIGENCE
### JANE DOE v. WHOLE FOODS MARKET GROUP, INC.,
### d/b/a WHOLE FOODS STORE #10549

Plaintiff re-alleges paragraphs 1 through 10 and further alleges:

    11.    That Defendant, WHOLE FOODS, owed a duty of care to Plaintiff to provide a safe workplace and safe work environment, and to maintain, operate, and control the subject premises in a reasonably safe manner for the benefit of its employees, including Plaintiff, and free from all conditions, including sexual assault(s) and batteries, which would render the subject premises dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to her.

12.     That Defendant, WHOLE FOODS, owed a duty of care to Plaintiff to supervise the subject premises in a reasonable way and/or manner to prevent the type of incidents of sexual assault/batteries as described in Plaintiff's Complaint, as well as report such incidents to proper authorities; to refrain from creating dangerous and hazardous situations such as that described in this Complaint and to warn of any dangerous situations/conditions on said property which Defendant knew of, or should have known of.

13.     That at all times material hereto, Defendant breached its duty owed to Plaintiff by one or more of the following ways:

   a.   Failed to provide a safe workplace and safe work environment.

   b.   Failed to make the dangerous and hazardous situation, such as the Plaintiff being sexually assaulted/battered at the subject property, safe.

   c.   Failed to properly supervise and/or prevent such dangerous and hazardous situation(s) that Defendant knew, or in the alternative, should have known about.

   d.   Failed to properly supervise its employees.

   e.   Failed to properly investigate such incidents.

   f.   Failed to report and/or notify the proper authorities about the Plaintiff's injuries or the subject incident.

   g.   Ignored and/or failed to remedy a dangerous and hazardous situation they knew or should have known about.

   h.   Failed to properly monitor, supervise and oversee operations of the subject premises.

   i.   Failed to instruct and warn its employees of the danger of their actions.

   j.   Failed to properly provide training to its employees.

      k. Failed to adhere to or have proper policies and procedures in place preventing the types of situations as described in this Complaint

      l. Failed to adhere to or have proper policies and procedures in place reporting the types of injuries sustained by the Plaintiff.

      m. Defendant was otherwise negligent at the time and place complained of.

14.    As a direct and proximate result of the Defendant's negligence, as hereinabove alleged, Plaintiff suffered bodily injury resulting in pain and suffering including: disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; the hospitalization; medical and nursing care and treatment. These losses are either permanent or continuing in nature, and the Plaintiff will suffer such losses in the future.

    WHEREFORE the Plaintiff demands a judgement against the Defendant, WHOLE FOODS, in an amount in excess of Thirty Thousand ($30,000.00), plus costs, and the Plaintiff further demands a trial by jury of all issues in the cause so triable as a matter of right.

## COUNT II – NEGLIGENCE
## JANE DOE v. JOHN DOE

Plaintiff re-alleges paragraphs 1 through 10 and further alleges:

15.    That Defendant, JOHN DOE, was the manager of the subject Whole Foods Store and was present and on duty at the store on the date and time of the subject incident.

16.    That at all times material hereto, as the manager of the subject Whole Foods Store, the Defendant, JOHN DOE, owed a duty of care to Plaintiff to provide a safe workplace and safe work environment, and to maintain, operate, and control the subject premises in a reasonably safe manner for the benefit of its employees, including Plaintiff, and free from all conditions, including sexual assault(s) and batteries, which would render the subject premises dangerous and unsafe for

the Plaintiff, and/or present an unreasonable risk of harm to her.

17.     That Defendant, JOHN DOE, owed a duty of care to Plaintiff to supervise the subject premises in a reasonable way and/or manner to prevent the type of incidents of sexual assault/batteries as described in Plaintiff's Complaint, as well as report such incidents to proper authorities; to refrain from creating dangerous and hazardous situations such as that described in this Complaint and to warn of any dangerous situations/conditions on said property which Defendant knew of, or should have known of.

18. That at all times material hereto, Defendant breached its duty owed to Plaintiff by one or more of the following ways:

n.  Failed to provide a safe workplace and safe work environment.

o.  Failed to make the dangerous and hazardous situation, such as the Plaintiff being sexually assaulted/battered at the subject property, safe.

p.  Failed to properly supervise and/or prevent such dangerous and hazardous situation(s) that Defendant knew, or in the alternative, should have known about.

q.  Failed to properly supervise its employees.

r.  Failed to properly investigate such incidents.

s.  Failed to report and/or notify the proper authorities about the Plaintiff's injuries or the subject incident.

t.  Ignored and/or failed to remedy a dangerous and hazardous situation they knew or should have known about.

u.  Failed to properly monitor, supervise and oversee operations of the subject premises.

v.  Failed to instruct and warn its employees of the danger of their actions.

     w.  Failed to properly provide training to its employees.

     x.  Failed to adhere to or have proper policies and procedures in place preventing the types of situations as described in this Complaint

     y.  Failed to adhere to or have proper policies and procedures in place reporting the types of injuries sustained by the Plaintiff.

     z.  Defendant was otherwise negligent at the time and place complained of.

19.    As a direct and proximate result of the Defendant's negligence, as hereinabove alleged, Plaintiff suffered injury resulting in pain and suffering including: disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; the hospitalization; medical and nursing care and treatment. These losses are either permanent or continuing in nature, and the Plaintiff will suffer such losses in the future.

       WHEREFORE the Plaintiff demands a judgement against the Defendant, JOHN DOE, in an amount in excess of Thirty Thousand ($30,000.00), plus costs, and the Plaintiff further demands a trial by jury of all issues in the cause so triable as a matter of right.

                    LAW OFFICE OF SABAN & SOLOMON
                    150 N. University Dr., Suite 200
                    Plantation, Florida 33324
                    P: (954) 577-2878
                    F: (954) 577-2215

                    */s/ Robert Solomon*
                    ROBERT C. SOLOMON, ESQ.
                    Fla. Bar No. 27054

Filing # 147791647 E-Filed 04/15/2022 04:25:28 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,                                   CASE NO.: *CACE-22-005598*

        Plaintiff,

vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and JOHN DOE, store manager,

        Defendants.

_____/

## NOTICE OF COMPLIANCE/DESIGNATION OF E-MAIL ADDRESS

    SABAN and SOLOMON, attorneys for Plaintiff hereby gives notice of Compliance with

Rule 2.516(b)(1) and Designation of E-Mail Address and designates the following e-mail

addresses for the purposes of receiving pleadings:

        Primary:      solomon@sslegalfirm.com
                      candace@sslegalfirm.com
                      bedoya@sslegalfirm.com
        Secondary:  quinn@sslegalfirm.com
                      hyarmolik@sslegalfirm.com

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished with a

copy of the Complaint filed herein.

                        LAW OFFICE OF SABAN & SOLOMON
                        150 N. University Dr., Suite 200
                        Plantation, Florida 33324
                        P: (954) 577-2878
                        F: (954) 577-2215

                        __*/s/ Robert Solomon*_____
                        ROBERT C. SOLOMON, ESQ.
                        Fla. Bar No. 27054

NOT AN OFFICIAL COPY

NOT AN OFFICIAL COURT SOURCE ACCESS

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-005598

JANE DOE,

      *Plaintiff*,

v.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE # 10549,
and JOHN DOE, store manager,

      *Defendants*.

_____/

## DEFENDANT'S NOTICE OF HEARING
### (*UMC Hearing via Zoom Video Conference*)

    **PLEASE TAKE NOTICE** that the above cause shall be heard before the **Honorable Michael A. Robinson**, Judge of the above-styled Court, via Zoom Video Conference **https://17thflcourts.zoom.us/j/571442299, Meeting ID: 571 442 299, Toll Free: 888.475.4499; 833.548.0276; 833.548.0282 and/or 877.853-5257 – then Meeting ID:  571 442 299**, during a UMC hearing on **Wednesday, March 8, 2023, beginning at 8:30 a.m.** upon:

## DEFENDANT'S MOTION TO DISMISS
## AND/OR DROP NAMED PARTY DUE TO PLAINTIFF'S FAILURE TO SERVE INITIAL PROCESS AND INITIAL PLEADING

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 10A

    I hereby certify that A) the movant has attempted to confer with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion; and B) the issues in the motion may be heard and resolved by the court within five (5) minutes.

**Dated**: January 19, 2023.                    Respectfully submitted,

                              BY:    /s/ Rebecca R. Anguiano
                                     Patrick G. DeBlasio, III, Esq.
                                     Florida Bar No. 871737
                                     E-mail: pdeblasio@littler.com
                                     Rebecca R. Anguiano, Esq.
                                     Florida Bar No. 99690
                                     E-mail: ranguiano@littler.com
                                     LITTLER MENDELSON, P.C.
                                     Wells Fargo Center
                                     333 SE 2nd Avenue, Suite 2700
                                     Miami, FL 33131
                                     Telephone: (305) 400-7500
                                     Facsimile: (305) 603-2552

                                     *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January 2023, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system. I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

                              BY:    /s/ Rebecca R. Anguiano
                                     Rebecca R. Anguiano, Esq.

## SERVICE LIST

Robert C. Solomon, Esq.
Florida Bar No. 27054
LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
Telephone: (954) 577-2878
Facsimile: (954) 577-2215
Email: _solomon@sslegalfirm.com_
Email: _candace@sslegalfirm.com_
Email: _bedoya@sslegalfirm.com_
Secondary: _quinn@sslegalfirm.com_
Secondary: _hyarmolik@sslegalfirm.com_

4891-1210-1408.1 / 099817-1000

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,                                           CASE NO.:    CACE-22-005598

        Plaintiff,

vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and JOHN DOE, store manager,

        Defendants.

_____/

## NOTICE OF FILING BETTER ANSWERS TO DEFENDANT'S INTERROGATORIES

    Plaintiff, JANE DOE, by and through undersigned counsel, and in accordance with the applicable Florida Rules of Civil Procedure, hereby gives Notice of Filing her better answers to Defendant's Interrogatories propounded by Defendant, WHOLE FOODS MARKET GROUP, INC, on October 17, 2022.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Defendant via email to Patrick G. DeBlasio, III, Esq., Rebecca R. Anguiano, Esq, LITTLER MENDELSON, P.C., Wells Fargo Center, 333 SE 2nd Avenue, Suite 2700, Miami, FL 33131 this 21st day of February, 2023.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Drive, Suite 200
Plantation, Florida 33324
(954) 577-2878 Broward
(954) 577-2215 Facsimile

*s/ Robert Solomon*

_____
ROBERT C. SOLOMON, ESQ.
FBN: 27054

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,                                           CASE NO.:    CACE-22-005598

       Plaintiff,

  vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and JOHN DOE, store manager,

       Defendants.

_____/

## NOTICE OF FILING BETTER ANSWERS TO DEFENDANT'S REQUEST TO PRODUCE

     Plaintiff, JANE DOE, by and through undersigned counsel, and in accordance with the applicable Florida Rules of Civil Procedure, hereby gives Notice of Filing her better answers to Defendant's Request to Produce propounded by Defendant, WHOLE FOODS MARKET GROUP, INC, on October 17, 2022.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Defendant via email to Patrick G. DeBlasio, III, Esq., Rebecca R. Anguiano, Esq, LITTLER MENDELSON, P.C., Wells Fargo Center, 333 SE 2nd Avenue, Suite 2700, Miami, FL 33131 this 21st day of February, 2023.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Drive, Suite 200
Plantation, Florida 33324
(954) 577-2878 Broward
(954) 577-2215 Facsimile

*s/ Robert Solomon*

_____
ROBERT C. SOLOMON, ESQ.
FBN: 27054

Case 0:23-cv-60665-XXXX   Document 1-2   Entered on FLSD Docket 04/07/2023   Page 59 of 72

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,                                    CASE NO.:    CACE-22-005598

      Plaintiff,

  vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and JOHN DOE, store manager,

      Defendants.

_____/

### PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT

COMES NOW Plaintiff, JANE DOE, by and through his undersigned counsel and

pursuant to Florida Rule of Civil Procedure 1.190(a), hereby files this Motion for Leave to File

Amended Complaint, and in support thereof states as follows:

1.    This is a cause of action for personal injuries stemming from a battery and assault incident

that occurred on Defendant's premises on February 13, 2019.

2.    Plaintiff, JANE DOE, seeks leave to file her Amended Complaint to add Dana

Vandervort as a Defendant in this case.

3.    Florida Rule of Civil Procedure 1.190(a) states that "[l]eave of court *[to amend*

*pleadings]* shall be given freely when justice so requires." Fla. R. Civ. Pro. 1.190(a).

Accordingly, all doubts should be resolved in favor of allowing an amendment, and a

request to amend pleadings should not be denied unless the amendment would

prejudice the opposing party, the requesting party has abused the right to amend, or

the proposed amendment would be futile. *State Farm Fire and Casualty Co. v. Fleet*

*Financial Corp.*, 724 So.2d 1218, 1219 (Fla. 5th DCA 1999). None of these

circumstances are present in the instant case.

4.      Plaintiff's proposed Amended Complaint is attached hereto as Exhibit "A."

5.      This is not done for delay.

6.      There is no prejudice to any party by filing this Third Amended Complaint.

WHEREFORE, Plaintiff respectfully requests this Court to enter an Order granting

Plaintiff's Motion for Leave to File Amended Complaint, deeming Plaintiff's proposed Amended

Complaint to be filed as of the date of this Order; and granting any such other relief this Court

deems necessary and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the

Defendant via email to Patrick G. DeBlasio, III, Esq., Rebecca R. Anguiano, Esq, LITTLER

MENDELSON, P.C., Wells Fargo Center, 333 SE 2nd Avenue, Suite 2700, Miami, FL 33131 this

8th day of March, 2023.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Drive, Suite 200
Plantation, Florida 33324
P: (954) 577-2878
F: (954) 577-2215


_____*/s/ Robert Solomon*_____

ROBERT C. SOLOMON, ESQ.
FBN: 27054

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FL

JANE DOE,                                    CASE NO.:     CACE-22-005598

       Plaintiff,

vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549,
and DANA VANDERVORT, store manager,

       Defendants.

_____/

## AMENDED COMPLAINT

COMES NOW the Plaintiff, JANE DOE (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby sues Defendant, WHOLE FOODS MARKET GROUP, INC, d/b/a WHOLE FOODS STORE #10549 (hereinafter "WHOLE FOODS") and DANA VANDERVORT, the store manager and in support thereof alleges as follows:

1. That this is an action in excess of the Jurisdictional limits of this Court, to wit: Thirty Thousand Dollars ($30,000.00), exclusive of costs.

2. That at all times material hereto, Plaintiff was a resident of Broward County, Florida and otherwise *sui juris*. Additionally, this Complaint is brought under a fictitious name in order to protect the identity of Plaintiff, Jane Doe, because this Complaint contains allegations of sexual assault and battery of Plaintiff.

3. That at all times material hereto, Defendant, WHOLE FOODS, was and is a foreign profit corporation serving Broward County, Florida.

4.      That at all times material hereto, Defendant, DANA VANDERVORT, was the resident of the State of Florida.

5.      That at all times material hereto, Defendant, DANA VANDERVORT, was acting in the capacity of the store manager, including on the date and time of the subject incident.

6.      That at all times material hereto, Defendant, WHOLE FOODS, owned, operated and/or managed the Whole Foods Store located at the following address: 1903 S University Dr, Davie, FL 33324 ("subject premises").

7.      Venue is proper in Broward County, Florida because the incident upon which this Complaint is based occurred in Broward County, Florida.

8.      That at all times material hereto Defendant, WHOLE FOODS, controlled the subject premises.

9.      That at all times material hereto, Defendant, WHOLE FOODS, had control of supervision/overseeing over its employees.

10.     On February 13, 2019, Plaintiff sustained severe injuries when she was sexually assaulted and touched without her consent by a male co-worker, while at the subject Whole Foods Store.

## COUNT I – NEGLIGENCE
## JANE DOE v. WHOLE FOODS MARKET GROUP, INC.,
## d/b/a WHOLE FOODS STORE #10549

Plaintiff re-alleges paragraphs 1 through 10 and further alleges:

11.     That Defendant, WHOLE FOODS, owed a duty of care to Plaintiff to provide a safe workplace and safe work environment, and to maintain, operate, and control the subject premises in a reasonably safe manner for the benefit of its employees, including Plaintiff, and free from all conditions, including sexual assault(s) and batteries, which would render the subject premises

dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to her.

12.    That Defendant, WHOLE FOODS, owed a duty of care to Plaintiff to supervise the subject premises in a reasonable way and/or manner to prevent the type of incidents of sexual assault/batteries as described in Plaintiff's Complaint, as well as report such incidents to proper authorities; to refrain from creating dangerous and hazardous situations such as that described in this Complaint and to warn of any dangerous situations/conditions on said property which Defendant knew of, or should have known of.

13.  That at all times material hereto, Defendant breached its duty owed to Plaintiff by one or more of the following ways:

a.  Failed to provide a safe workplace and safe work environment.

b.  Failed to make the dangerous and hazardous situation, such as the Plaintiff being sexually assaulted/battered at the subject property, safe.

c.  Failed to properly supervise and/or prevent such dangerous and hazardous situation(s) that Defendant knew, or in the alternative, should have known about.

d.  Failed to properly supervise its employees.

e.  Failed to properly investigate such incidents.

f.  Failed to report and/or notify the proper authorities about the Plaintiff's injuries or the subject incident.

g.  Ignored and/or failed to remedy a dangerous and hazardous situation they knew or should have known about.

h.  Failed to properly monitor, supervise and oversee operations of the subject premises.

i.  Failed to instruct and warn its employees of the danger of their actions.

j.   Failed to properly provide training to its employees.

k.   Failed to adhere to or have proper policies and procedures in place preventing the types of situations as described in this Complaint

l.   Failed to adhere to or have proper policies and procedures in place reporting the types of injuries sustained by the Plaintiff.

m.   Defendant was otherwise negligent at the time and place complained of.

14.   As a direct and proximate result of the Defendant's negligence, as hereinabove alleged, Plaintiff suffered bodily injury resulting in pain and suffering including: disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; the hospitalization; medical and nursing care and treatment. These losses are either permanent or continuing in nature, and the Plaintiff will suffer such losses in the future.

WHEREFORE the Plaintiff demands a judgement against the Defendant, WHOLE FOODS, in an amount in excess of Thirty Thousand ($30,000.00), plus costs, and the Plaintiff further demands a trial by jury of all issues in the cause so triable as a matter of right.

## COUNT II – NEGLIGENCE
## JANE DOE v. DANA VANDERVORT

Plaintiff re-alleges paragraphs 1 through 10 and further alleges:

15.   That Defendant, DANA VANDERVORT, was the manager of the subject Whole Foods Store and was present and on duty at the store on the date and time of the subject incident.

16.   That at all times material hereto, as the manager of the subject Whole Foods Store, the Defendant, DANA VANDERVORT, owed a duty of care to Plaintiff to provide a safe workplace and safe work environment, and to maintain, operate, and control the subject premises in a reasonably safe manner for the benefit of its employees, including Plaintiff, and free from all conditions,

including sexual assault(s) and batteries, which would render the subject premises dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to her.

17.     That Defendant, DANA VANDERVORT, owed a duty of care to Plaintiff to supervise the subject premises in a reasonable way and/or manner to prevent the type of incidents of sexual assault/batteries as described in Plaintiff's Complaint, as well as report such incidents to proper authorities; to refrain from creating dangerous and hazardous situations such as that described in this Complaint and to warn of any dangerous situations/conditions on said property which Defendant knew of, or should have known of.

18.   That at all times material hereto, Defendant breached its duty owed to Plaintiff by one or more of the following ways:

    n.   Failed to provide a safe workplace and safe work environment.

    o.   Failed to make the dangerous and hazardous situation, such as the Plaintiff being sexually assaulted/battered at the subject property, safe.

    p.   Failed to properly supervise and/or prevent such dangerous and hazardous situation(s) that Defendant knew, or in the alternative, should have known about.

    q.   Failed to properly supervise its employees.

    r.   Failed to properly investigate such incidents.

    s.   Failed to report and/or notify the proper authorities about the Plaintiff's injuries or the subject incident.

    t.   Ignored and/or failed to remedy a dangerous and hazardous situation they knew or should have known about.

    u.   Failed to properly monitor, supervise and oversee operations of the subject premises.

v.   Failed to instruct and warn its employees of the danger of their actions.

w.   Failed to properly provide training to its employees.

x.   Failed to adhere to or have proper policies and procedures in place preventing the types of situations as described in this Complaint

y.   Failed to adhere to or have proper policies and procedures in place reporting the types of injuries sustained by the Plaintiff.

z.   Defendant was otherwise negligent at the time and place complained of.

19.   As a direct and proximate result of the Defendant's negligence, as hereinabove alleged, Plaintiff suffered injury resulting in pain and suffering including: disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; the hospitalization; medical and nursing care and treatment. These losses are either permanent or continuing in nature, and the Plaintiff will suffer such losses in the future.

WHEREFORE the Plaintiff demands a judgement against the Defendant, DANA VANDERVORT, in an amount in excess of Thirty Thousand ($30,000.00), plus costs, and the Plaintiff further demands a trial by jury of all issues in the cause so triable as a matter of right.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
P: (954) 577-2878
F: (954) 577-2215

*/s/ Robert Solomon*
ROBERT C. SOLOMON, ESQ.
Fla. Bar No. 27054

Instr# 118724957 , Page 1 of 2, Recorded 03/09/2023 at 04:12 PM
Broward County Commission Document 1-2 Entered on FLSD Docket 04/07/2023 Page 68 of 72
Case 0:23-cv-60655-XXXX

Filing # 168342026 E-Filed 03/08/2023 07:21:36 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE22005598</u>   DIVISION: <u>13</u>   JUDGE: <u>Robinson, Michael A. (13)</u>

**Jane Doe**

Plaintiff(s) / Petitioner(s)

v.

**Whole Foods Market Group Inc, et al**

Defendant(s) / Respondent(s)

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR DROP NAMED PARTY

THIS CAUSE having come before the Court during the March 8, 2023 Uniform Motion Calendar hearing on Defendant John Doe's Motion to Dismiss and/or Drop Named Party Due to Plaintiff's Failure to Serve Initial Process and Initial Pleading (the "Motion"), and the Court, having reviewed the Motion, hearing argument of counsel, and being otherwise apprised on the premises, ORDERS AND ADJUDGES as follows:

1. Defendant's Motion is GRANTED.

2. The claims against Defendant John Doe, store manager, are hereby dismissed, and

   Defendant John Doe, store manager, is dropped as a party to this case as of March 8, 2023.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>8th day of March, 2023</u>.

CACE22005598 03-08-2023 1:01 PM

<u>CACE22005598 03-08-2023 1:01 PM</u>
Hon. Michael Robinson
**CIRCUIT COURT JUDGE**
Electronically Signed by Michael Robinson

**Copies Furnished To:**

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 03/08/2023 07:21:36 PM.****

Case Number: CACE22005598

Hanna Yarmolik , E-mail : hyarmolik@sslegalfirm.com
Jaimie L Quinn , E-mail : jsuarez@sslegalfirm.com
Jaimie L Quinn , E-mail : quinn@sslegalfirm.com
Patrick Gerald Deblasio III , E-mail : #MiamiECFiling@littler.com
Patrick Gerald Deblasio III , E-mail : pdeblasio@littler.com
Patrick Gerald Deblasio III , E-mail : btapia@littler.com
Rebecca R. Anguiano , E-mail : ranguiano@littler.com
Rebecca R. Anguiano , E-mail : ccano@littler.com
Richard Conforti , E-mail : conforti@sslegalfirm.com
Robert C Solomon , E-mail : service@sslegalfirm.com
Robert C Solomon , E-mail : solomon@sslegalfirm.com
Robert C Solomon , E-mail : candace@sslegalfirm.com

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Filing # 168713659 E-Filed 03/14/2023 04:11:44 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JANE DOE,                                          CASE NO.:  CACE 22-005598

               Plaintiff,

    vs.

WHOLE FOODS MARKET GROUP, INC.,
d/b/a WHOLE FOODS STORE #10549, and
JOHN DOE, store manager,

               Defendant.

_____/

## REQUEST FOR COPIES

    Plaintiff, JANE DOE, by and through the undersigned attorney, hereby requests the Defendant, WHOLE FOODS MARKET GROUP, INC., to furnish Plaintiff with all copies of records received pursuant to their Notice of Production from Non-Party dated December 8, 2022.

1. Bird of Paradise Psychological Services, PA
2. Plantation Gynecologic Associates, LLC
3. West Sunrise Dentistry, PA
4. H. James Miller, DDS, PA
5. Sunrise Preschool II, LLC
6. Carol L Gross, LCSW

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Defendant Rebecca Anguiano and Patrick G. DeBlasio, LITTLER MENDELSON, PC, 333 SE 2nd Avenue, Suite 2700, Miami, FL 33131, via e-mail  at ranguiano@littler.com, and pdeblasio@littler.com, on this 14th day of March 2023.

               LAW OFFICE OF SABAN & SOLOMON

               150 N. University Drive, Suite 200

               Plantation, Florida 33324

               (954) 577-2878 Broward

               (954) 577-2215 Facsimile

               *s/ Robert Solomon*

               ROBERT C. SOLOMON, ESQ.

               FBN: 27054

Case 0:23-cv-60665-XXXX Document 1-2 Entered on FLSD Docket 04/07/2023 Page 71 of 72

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JANE DOE,                                    CASE NO.:  CACE 17-023534

        Plaintiff,

  vs.

WHOLE FOODS MARKET GROUP IN.,
d/b/a WHOLE FOODS STORE # 10549
and JOHN DOE, store manager,

        Defendants.

_____/

## NOTICE OF TAKING DEPOSITION

TO:   Rebecca Aniguano, Esquire
       LITTLER MENDELSON, P.C.
       Wells Fargo Center
       333 SE 2nd Avenue, Suite 2700
       Miami, FL 33131

     PLEASE TAKE NOTICE that the undersigned attorney will take the deposition of:

| **NAME** | **DATE/TIME** | **PLACE** |
|---|---|---|
| Diana Vaderwort | May 12, 2023 at 10:00 a.m. | Via Zoom |

upon oral examination before **US LEGAL SUPPORT**, Notaries Public, or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The depositions are being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court.

I HEREBY CERTIFY that a copy of the foregoing was furnished by electronic mail to the above-named addressees this 16th day of March, 2023.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
(954) 577-2878 Broward (954) 577-2215 Facsimile

_____*/s/ Robert Solomon*_____
ROBERT C. SOLOMON, ESQ.
FBN: 27054